1  Yar R. Chaikovsky (California State Bar No. 175421)
   ychaikovsky@sonnenschein.com
2  Jimmy M. Shin (California State Bar No. 200161)
   jshin@sonnenschein.com
3  SONNENSCHEIN NATH & ROSENTHAL LLP
   1530 Page Mill Road, Suite 200
4  Palo Alto, CA  94304-1125
   Telephone:  (650) 798-0300
5  Facsimile:    (650) 798-0310

6  Christian E. Mammen (California State Bar No. 188454)
   cmammen@mammenlaw.com
7  LAW OFFICE OF CHRISTIAN E. MAMMEN
   P.O. Box 9351
8  Berkeley, CA 94709
   Tel.: (510) 868-8107
9  Fax: (510) 868-0293

10 Attorneys for Defendant
   KINETIC TECHNOLOGIES, INC.

11

12

13                  IN THE UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

17 ADVANCED ANALOGIC TECHNOLOGIES,        Case No. C-09-1360 MMC
   INC., a Delaware Corporation,
18                                         **KINETIC TECHNOLOGIES, INC.'S
                Plaintiff,                 MOTION TO DISMISS COMPLAINT
19                                         UNDER RULE 12(B)(6) FOR FAILURE TO
                v.                         STATE A CLAIM, OR IN THE
20                                         ALTERNATIVE, FOR MORE DEFINITE
   KINETIC TECHNOLOGIES, INC., a California STATEMENT UNDER RULE 12(E)**
   Corporation,
21                                         Date:  July 10, 2009
                Defendant.                 Time:  9:00 am
22

23

24

25

26

27

28

PLEASE TAKE NOTICE that on July 10, 2009 at 9:00 am, Defendant Kinetic Technologies, Inc. ("KTI") will move, and hereby does move, to dismiss the Complaint in this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim or, in the alternative, to require a more definite statement under Rule 12(e).

By this motion, KTI seeks an Order dismissing the Complaint, or in the alternative, an Order requiring Plaintiff AATI to provide a more definite statement.

POINTS AND AUTHORITIES

## I.    ISSUES PRESENTED

1. Should the Complaint, including allegations of both direct and indirect infringement, be dismissed under Rule 12(b)(6) where it accuses of infringement an open-ended category of KTI's "products" and "integrated circuits," on the basis that it fails to provide reasonable notice of the accused products?   In the alternative, should AATI be required under Rule 12(e) to provide a more definite statement, identifying by name or selection criteria the products that it contends infringe?

2. Should AATI's allegation of direct infringement be dismissed under Rule 12(b)(6) where 35 U.S.C. § 271(a) requires that infringement occur "within the United States," and AATI's complaint omits that element?   In the alternative, should AATI be required under Rule 12(e) to provide a more definite statement, including an allegation of nexus between the accused products and the United States?

3. Should AATI's allegations of indirect (inducing and contributory) infringement be dismissed under Rule 12(b)(6) because they fail to allege direct infringement by a third party?   In the alternative, should AATI be required under Rule 12(e) to provide a more definite statement, including an allegation of direct infringement by third parties?

4. Should AATI's allegation of willful infringement be dismissed under Rule 12(b)(6) where it alleges only that KTI's infringement "has been willful and deliberate, and has caused injury to AATI," and alleges neither "disregard" for AATI's patent rights nor objective recklessness by KTI?   In the

KINETIC TECHNOLOGIES, INC.'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6)
FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE
STATEMENT UNDER RULE 12(E) - CASE NO. C-09-1360 MMC

alternative, should AATI be required under Rule 12(e) to provide a more definite statement, including

allegations of disregard for AATI's patent rights and objective recklessness by KTI?

## II.   FACTUAL BACKGROUND

On March 27, 2009, plaintiff Advanced Analogic Technologies, Inc. ("AATI") filed its

Complaint for Patent Infringement, asserting a single cause of action for infringement of United States

Patent No. 7,127,631.  AATI alleges direct, inducing, contributory, and willful infringement.

AATI's allegation of direct infringement states:

> 11.    Defendant KTI has infringed and is still infringing the '631 Patent
> by making, selling and using integrated circuits ("ICs"), including but not
> limited to light emitting diode ("LED") driver circuits, that embody the
> patented invention, and the Defendant KTI will continue to do so unless
> enjoined by this court.

Complaint ¶ 11.

AATI's allegation of indirect (inducing and contributory) infringement states:

> 12.    Defendant KTI has actively induced infringement of, or contributed
> to infringement of, the '631 Patent by among other things, making products
> which infringe, including but not limited to LED driver circuits, and then
> selling those products to others, and will continue to do so unless enjoined
> by this Court.

Complaint ¶ 12.

AATI's allegation of willful infringement states:

> 13.    Defendant KTI's infringement of the '631 Patent has been willful
> and deliberate, and has caused injury to AATI.  Defendant KTI's willful
> and deliberate infringement is illustrated by the knowledge of and
> involvement by Jan Nilsson ("Nilsson"), formerly a Vice-President of
> Marketing and Sales for AATI, in the matters alleged in this Complaint.
> Nilsson was a named inventor of the '631 Patent, ownership of which
> Nilsson assigned to AATI, and was and now is Director of and investor and
> shareholder in KTI.  A true and correct copy of a November 2008 filing
> with the United States Securities and Exchange Commission showing
> Nilsson as a Director of and shareholder in KTI is attached to this
> complaint as Exhibit B.

KTI waived service of summons, making its responsive motion or pleading due May 26, 2009.

KINETIC TECHNOLOGIES, INC.'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6)
FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE
STATEMENT UNDER RULE 12(E) - CASE NO. C-09-1360 MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    ARGUMENT

#### A.    Legal Standards

##### 1.    Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).    "Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).

In 2007, the United States Supreme Court restated and clarified the standard under Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).  Under *Bell Atlantic,* a complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."   *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), ellipses in original).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal citations omitted).  Thus, Rule 8(a) requires a "showing" of a right to relief, not just a "blanket assertion" of such a right. *Id.* n.3.  The Supreme Court explained the practical significance of this rule, particularly as it applied in the complex antitrust context:

> [S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value. … Thus, it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive.

*Id.* at 557-558 (citations and internal quotation marks omitted).

The Federal Circuit has applied *Bell Atlantic* to the pleading requirements in patent infringement cases.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007).  In *McZeal*, the Federal Circuit

applied the procedural law of the Fifth Circuit and held that the Complaint filed by *pro se* plaintiff[1]

Alfred McZeal did adequately state a claim, citing Rule 8(a), *Bell Atlantic* and sample Form 16 (now

Form 18)[2] of the Federal Rules of Civil Procedure.  *McZeal,* 501 F.3d at 1356-1357.  Judge Dyk

dissented, arguing that the majority's decision was inconsistent with *Bell Atlantic*.  *Id.* at 1359.  He

further argued that the majority's decision should be narrowly limited to a claim for direct, literal patent

infringement, which is all that is covered by the sample form.  *Id.* at 1360, 1361.  Judge Dyk also noted

that the *Bell Atlantic* rationale—favoring dismissal of questionable claims before parties are forced to

undergo the expense of discovery—applies to patent infringement cases as well.  *Id.* at 1362, n.8 (citing

an AIPLA study which reported that "the median cost of discovery in a patent infringement suit is

between $350,000 and $3,000,000").

      More recently, the Ninth Circuit has also applied *Bell Atlantic*, in the antitrust context.  *Kendall v.*

*Visa U.S.A., Inc.,* 518 F.3d 1042 (9th Cir. 2008).  Reciting *Bell Atlantic*'s requirement that a plaintiff

"provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions," the

Ninth Circuit observed that this level of pleading was required "because discovery in antitrust cases

frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large

settlements even where he does not have much of a case."  *Id.* at 1046-1047 (citations and internal

quotation marks omitted).  The court concluded, "[t]he district court properly dismissed appellants'

---

[1] The Federal Circuit specifically noted that it could "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements," 501 F.3d at 1356,  and concluded that "McZeal met the low bar for *pro se* litigants to avoid dismissal" under Rule 12(b)(6).  *Id.* at 1358.

[2] The Federal Circuit observed that the sample form "includes only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages."  510 F.3d at 1356-1357.  *But see Litecubes, LLC v. Northern Light Products, Inc.,* 523 F.3d 1353, 1366 n.14 (Fed. Cir. 2008) (cases in which "the activity complained of took place wholly outside of the United States … will often be able to be quickly disposed of in a Rule 12(b)(6) motion to dismiss for failure to state a claim").

complaint under the pleading standards recently reinforced in *Bell Atlantic* …" *Id.* at 1051.

Likewise, the Southern District of California has specifically found the *Bell Atlantic* ruling applicable to patent cases.  In *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007), the district court found "that the new *Bell Atlantic* pleading standard applies to pleadings in  patent infringement actions."  *Id.* at 282.

### 2.    Rule 12(e)

Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); *see also* 5C C. Wright & A. Miller, Federal Practice & Procedure, Civil § 1376 (3d ed. 2009) (Rule 12(e) applied when the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself").

### B.    The Complaint Should Be Dismissed Because It Fails to Identify the Accused Products.

AATI's Complaint fails to provide adequate notice of the identity of the products accused of infringement.  In its direct infringement allegation, AATI accuses KTI of infringement by making, selling and using "<u>integrated circuits</u> ('ICs'), including but not limited to light emitting diode ('LED') driver circuits."  Complaint ¶ 11 (emphasis added).[3]  In its allegation of indirect infringement, AATI's allegation is even broader, accusing KTI of "making <u>products</u> which infringe, including but not limited to LED driver circuits."  Complaint ¶ 12 (emphasis added).  These generic nouns are insufficient to provide KTI meaningful notice of the accused products.

In *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 2002 WL 1458853 (D.Del. 2002), the court dismissed under Rule 12(b)(6) a counterclaim that accused of infringement "Nalco's products, including

---

[3] An integrated circuit is, simply, any "circuit whose components and connecting 'wires' are made by processing distinct areas of a chip of semiconductor material, such as silicon."  *E.g.,* Gibilisco, *The Illustrated Dictionary of Electronics* 371 (8th ed. 2001).

the 8692 product," *id.* at *1 n.2, on the basis that the pleading was "too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents." *Id.* at *1. Because the lack of detail in AATI's Complaint is insufficient to place KTI on notice of the products that are accused of infringement, AATI's Complaint should be dismissed under Rule 12(b)(6).

In the alternative, the Court should require a more definite statement identifying the accused products. *See, e.g., Taurus IP, LLC v. Ford Motor Co.*, 539 F.Supp.2d 1122, 1127 (W.D.Wis. 2008) (granting motion for more definite statement where "plaintiff has given some clues to defendants as to the scope of its claim … plaintiff must do more than give clues to meet even the broad Rule 8 notice requirements … plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent"); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599, *1 (E.D. Wis. 2006) (Rule 12(e) relief is appropriate "where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter").

### C.     The Complaint Should Be Dismissed Because it Does Not Allege Acts of Infringement "Within the United States."

Section 271(a) of the Patent Act states, "whoever without authority makes, uses, offers to sell, or sells any patented invention, <u>within the United States</u>, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a) (emphasis added). AATI has omitted from its Complaint any allegation that the acts it complains of occurred "within the United States." Complaint ¶¶ 11-13.

The Federal Circuit has recently held—post-*Bell Atlantic* and post-*McZeal*—that "whether the allegedly infringing act happened in the United States is an element of the claim for patent infringement." *Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1366 (Fed. Cir. 2008). Although, the court noted, the plaintiff in *Litecubes* "properly pled every element of a § 271(a) claim, alleging in Count I of its complaint that GlowProducts has infringed the '198 patent by 'offering for sale and/or selling <u>in the United States</u>'" products that infringe, 523 F.3d at 1360 (emphasis added), a different case, in which "the activity complained of took place wholly outside of the United States … will often be able to be quickly disposed of in a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id.* at 1366 n.14.

KTI expects that the issue of whether the acts alleged in the Complaint occurred "within the

United States" will be a disputed issue in this case. However, because the purpose of this motion to dismiss is to test the sufficiency of the pleadings, KTI is not permitted to provide supporting evidence at this time. Unless AATI can allege, with sufficient basis, that alleged acts of infringement occurred within the United States, it is appropriate and just to dismiss the Complaint without requiring KTI to suffer the burden and expense of discovery. *See Bell Atlantic*, 550 U.S. at 557-558; *Kendall*, 518 F.3d at 1047; *McZeal,* 501 F.3d at 1362, n.8 (Dyk, J., dissenting); *see also* Fed. R. Civ. P. 8(e) (pleadings must be construed so as to do justice).

Because AATI's Complaint fails to assert that the alleged acts of infringement occurred within the United States, it should be dismissed under Rule 12(b)(6) for failure to state a claim. In the alternative, AATI should be required, under Rule 12(e), to provide a more definite statement setting forth the nexus between the accused products and the United States.

### D. The Complaint's Allegation of Inducing and Contributory Infringement Should Be Dismissed Because It Fails to Allege Third-Party Direct Infringement.

Inducing infringement is governed by 35 U.S.C. § 271(b), which states, "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Contributory infringement, by contrast, is governed by 35 U.S.C. § 271(c), which states,

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). Despite these differing legal standards, AATI alleges only,

> Defendant KTI has actively induced infringement of, or contributed to infringement of, the '631 Patent by among other things, making products which infringe, including but not limited to LED driver circuits, and then selling those products to others, and will continue to do so unless enjoined by this Court.

Complaint ¶ 12.

Both inducing and contributory infringement are premised upon direct infringement by a third party. "Absent direct infringement of the patent claims, there can be neither contributory infringement,

nor inducement of infringement." *Met-Coil Systems Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed. Cir. 1986) (citations omitted). A properly pled claim for each requires an allegation of direct infringement. *Ondeo Nalco*, 2002 WL 1458853, at *1 ("the pleadings fail to allege direct infringement by a party other than ONDEO Nalco and, therefore, insufficiently plead induced infringement") (citing *Met-Coil*); *see also Anticancer*, 248 F.R.D. at 282 (dismissing patent infringement complaint under *Bell Atlantic* due in part to conclusory allegations of indirect infringement).[4] Because the Complaint fails to allege direct infringement by a third party, it should be dismissed under Rule 12(b)(6) for failure to state a claim.

In the alternative, AATI should be required, under Rule 12(e), to provide a more definite statement identifying the third-party direct infringers that form the basis for its indirect infringement allegations.

### E. The Complaint's Allegation of Willful Infringement Should Be Dismissed Because It Omits Required Elements.

The Federal Circuit has held that "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). AATI's Complaint contains no allegation of objective recklessness. Complaint ¶ 13. Therefore, under the pleading standard of *Bell Atlantic*, 550 U.S. at 555 n.3, as applied by the Ninth Circuit in *Kendall*, 518 F.3d at 1046-1047, the Complaint fails to state a claim for willful infringement and must be dismissed.

Additionally, as the Northern District of California recently held in *Rambus, Inc. v. Nvidia Corp.*, 2008 WL 4911165 (N.D. Cal. 2008), an allegation of willful infringement in a Complaint requires allegations that "defendant's infringement has been 'deliberate' and in 'disregard' of the patents." *Id.* at *2 (citing *State Indus. Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1237 (Fed. Cir. 1986) for proposition that "willful infringement requires a determination that 'the infringer acted in disregard of the patent'"). By

---

[4] *Cf. Rambus, Inc. v. Nvidia Corp.*, 2008 WL 4911165 at *3 (N.D. Cal. 2008). Citing pre-*Bell Atlantic* cases from other district courts, the district court in *Rambus* found that "while plaintiff's complaint [for contributory infringement] is rather conclusory," it was not subject to dismissal under Rule 12(b)(6). This ruling is inconsistent with the controlling precedent in *Bell Atlantic* and *Kendall*.

contrast, here, AATI alleges only that "[KTI's] infringement of the '631 Patent has been willful and deliberate, and has caused injury to AATI," followed by an allegation of allegedly illustrative but unspecified "knowledge" and "involvement" of a person alleged to be a KTI investor and corporate director. Complaint ¶ 13.[5]  This falls short of even the bare-bones pleading in *Rambus*.[6]

The Complaint's allegation of willful infringement should be dismissed under Rule 12(b)(6) because it omits both the element of objective recklessness and an allegation that KTI acted in disregard of the patents.

In the alternative, AATI should be required, under Rule 12(e), to provide a more definite statement concerning any allegations of objective recklessness and disregard of the patent.

## IV.   CONCLUSION

For the foregoing reasons, defendant KTI respectfully submits that the allegations of direct, indirect, and willful infringement in AATI's Complaint each fail to state a claim and should be dismissed under Rule 12(b)(6).  In the alternative, KTI requests that AATI be required, under Rule 12(e) to provide a more definite statement of its allegations.

---

[5] AATI bases its allegation of Mr. Nilsson's status on a November 18, 2008 filing with the SEC, attached to the Complaint as Exhibit B.  However, as Exhibit B shows on its face, AATI's allegations concerning Mr. Nilsson suffer from two key defects.  First, the subject of the SEC filing attached to the Complaint as Exhibit B is "Kinetic Technologies" (*i.e.*, KTI's parent company), not defendant KTI.  Second, Exhibit B indicates on its face only that Mr. Nilsson is a director of Kinetic Technologies, not that he is an "investor and shareholder" of either Kinetic Technologies or KTI.

[6] The district court in *Rambus* declined to require a pleading of willful infringement to include an allegation of objective recklessness, which the Federal Circuit held in *Seagate,* is an element of the claim.  In so holding, *Rambus* is inconsistent with *Seagate*, as well as the controlling precedent in *Bell Atlantic* and *Kendall*.  Moreover, even under the pleading standard applied by the district court in *Rambus*, AATI's allegations of willful infringement here are lacking and must be dismissed.

Dated:  May 26, 2009                          Respectfully submitted,


                                             /s/ Christian E. Mammen
                                             Christian E. Mammen
                                             Law Office of Christian E. Mammen

                                             Yar R. Chaikovsky
                                             Jimmy Shin
                                             Sonnenschein Nath & Rosenthal LLP

                                             Attorneys for Defendant
                                             KINETIC TECHNOLOGIES, INC.

KINETIC TECHNOLOGIES, INC.'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6)
FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE
STATEMENT UNDER RULE 12(E) - CASE NO. C-09-1360 MMC