IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ANALOGIC TECHNOLOGIES, INC., <br><br> Plaintiff, <br> v. <br><br> KINETIC TECHNOLOGIES, INC., <br><br> Defendant / | No. C-09-1360 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; VACATING HEARING** |

    Before the Court is defendant Kinetic Technologies, Inc.'s ("KTI") "Motion To Dismiss Complaint Under Rule 12(b)(6) For Failure To State A Claim, Or In The Alternative, For More Definite Statement Under Rule 12(e)," filed May 26, 2009. Plaintiff Advanced Analogic Technologies, Inc. ("AATI") has filed opposition, to which KTI has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for July 10, 2009, and rules as follows:

    1. To the extent KTI seeks dismissal of AATI's claim of direct infringement for failure to provide sufficient notice of the accused products,[1] the motion will be denied, because the claim is pled in conformity with the Federal Rules of Civil Procedure, Appendix of Forms.

---

[1] The complaint includes one cause of action, titled "Patent Infringement," in which AATI alleges claims for direct infringement, inducement, contributory infringement, and willful infringement.

1  See Fed. R. Civ. P. Form 18; McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-58 (Fed. Cir. 2007) (holding claim of direct infringement alleged in conformity with forms appended to Rule 84 provides defendant sufficient notice of claim and survives motion to dismiss for failure to state claim).  Specifically, the complaint, in conformity with Form 18, alleges KTI has infringed AATI's patent "by making, selling, and using integrated circuits ("ICs"), including but not limited to light emitting diode driver ("LED") circuits, that embody the patented invention." (See Compl. ¶ 11); Fed. R. Civ. P. Form 18 (providing, as example of claim alleging infringement of patent for electric motor, "defendant has infringed and is still infringing the [p]atent by making, selling, and using electric motors that embody the patented invention").

2. To the extent KTI seeks a more definite statement providing further details as to the infringing products, the motion will be denied, for the reason the material sought by KTI is obtainable through discovery; specifically, Patent Local Rule 3-1 requires AATI to identify by name or model number and no later than ten days after the initial case management conference, each accused product, device, and apparatus.  See Patent L.R. 3-1; Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993) (denying defendants' motion for more definite statement of patent infringement claim, where details supporting claim were "available through the discovery process").

3. To the extent KTI seeks dismissal of the complaint for failure to allege infringing activity by KTI within the United States, the motion will be granted; AATI's venue allegation that a "substantial part of the events which give rise to the claim for patent infringement occurred in the County of Santa Clara" (see Compl. ¶ 6) does not expressly allege infringement in the United States.[2]

---

[2] As noted, the Federal Circuit has held that a complaint pleaded in conformity with Form 18 is sufficient to avoid dismissal for failure to state a claim.  See McZeal, 501 F.3d at 1356-58).  Form 18 does not require an allegation of activity in the United States.  See Fed. R. Civ. P. Form 18.  Nevertheless, because the occurrence of the infringing act(s) in the United States "is an element of [a] claim for patent infringement," see Litecubes, LLC v. Northern Light Products, Inc., 523 F.3d 1353, 1366 n. 14 (Fed. Cir. 2008), AATI will be required to include in its complaint the allegation that the infringing acts occurred in the United States.

4. To the extent KTI seeks dismissal of AATI's claims of inducement and contributory infringement on the ground AATI has failed to allege direct infringement by a third party, the motion will be granted. The only factual allegation in support of such claims is that KTI has made infringing products and then sold those infringing products to third parties. (See Compl. ¶ 12). AATI fails to allege, however, that any such third party has itself made, used, offered to sell, or sold an infringing product. See Hoechst-Roussel Pharmaceuticals, Inc. v. Lehman, 109 F.3d 756, 759 (Fed. Cir. 1997) ("Direct infringement consists of making, using, offering to sell, or selling the invention defined by the claims of a patent, without the authority of the patent owner."); Joy Technologies, Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

5. To the extent KTI seeks a more definite statement identifying the third parties who have engaged in direct infringement, the motion will be denied as moot in light of the dismissal of AATI's inducement and contributory infringement claims.

6. To the extent KTI seeks dismissal of AATI's claim of willful infringement, for failure to allege facts to support a finding of objective recklessness, the motion will be denied. In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007), the case on which KTI relies, addresses the "evidence" necessary "to establish" willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required. See id. at 1371, 1374.[3]

//

---

[3] The Court notes, however, the complaint alleges KTI's willfulness is "illustrated" by Jan Nilsson's ("Nilsson") "knowledge of and involvement . . . in the matters alleged," as Nilsson co-invented the patent at issue while employed by AATI and thereafter became Director of and an investor in KTI. (See Compl. ¶ 13.) Although such allegation is sufficient to support a finding that KTI, through its Director, had knowledge of AATI's patent, actual knowledge of a patent, standing alone, is insufficient to support a finding of willful infringement. See Duhn Oil Tool, Inc. v. Cooper Cameron Corp., 609 F. Supp. 2d 1090, 1094 (E.D. Cal. 2009) ("Willful infringement is not established by the simple fact of infringement, even where the accused has knowledge of the patents.") (citing cases); see, e.g., Ajinomoto Co. v. Archer-Daniels-Midland Co., 228 F.3d 1338, 1351-52 (Fed. Cir. 2000) (affirming finding that defendant, who had knowledge of patent at issue, did not willfully infringe patent).

## CONCLUSION

For the reasons stated above, KTI's motion to dismiss or, alternatively, for a more definite statement is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the complaint for failure to allege infringement in the United States, and dismissal of AATI's claims of inducement and contributory infringement, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

3. No later than July 24, 2009, AATI may file a First Amended Complaint for purposes of curing the deficiencies identified above.

**IT IS SO ORDERED.**

Dated: July 8, 2009

MAXINE M. CHESNEY
United States District Judge