1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11

ADVANCED ANALOGIC TECHNOLOGIES, INC.,

12                    Plaintiff,

13      v.

14   KINETIC TECHNOLOGIES, INC.,

15                    Defendant
                                                    /

No. C-09-1360 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REEXAMINATION; VACATING PRETRIAL AND TRIAL DEADLINES AND DATES; DIRECTIONS TO PARTIES**

16

17          Before the Court is defendant Kinetic Technologies, Inc.'s ("KTI") Motion to Stay

18   Pending Inter Partes Reexamination, filed November 12, 2009.  Plaintiff Advanced Analogic

19   Technologies, Inc. ("AATI") has filed opposition, to which KTI has replied.  Having read and

20   considered the papers submitted in support of and in opposition to the motion, the Court

21   rules as follows.[1]

22          "When determining the appropriateness of a stay pending reexamination, the court

23   considers the following three factors: (1) whether a stay would unduly prejudice or present

24   a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the

25   issues in question and trial of the case; and (3) whether discovery is complete and whether

26   a trial date has been set."  In re Cygnus Telecommunications Technology, LLC, Patent

27

28          [1]By order filed November 20, 2009, the Court advised the parties the matter would
be submitted as of December 4, 2009.

1  <u>Litig.</u>, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (internal quotation and citation

2  omitted).

3     Here, the Court finds each of the factors weighs in favor of granting a stay.

4     With respect to the first factor, although AATI expresses a concern that, given the

5  anticipated length of the reexamination proceedings,[2] memories may fade and other

6  evidence may be more difficult to secure, AATI fails to offer any evidence to support a

7  finding that any delay occasioned by such proceedings is likely to result in the loss of any

8  particular evidence, nor does AATI otherwise identify how it would be prejudiced thereby.

9  Delay, by itself, does not constitute prejudice. <u>See</u> <u>Nanometrics, Inc. v. Nova Measuring</u>

10  <u>Instruments, Ltd.</u>, 2007 WL 627920 at *3 (N.D. Cal. 2007) (holding, in context of motion for

11  stay pending reexamination, "[m]ere delay, without more [ ], does not demonstrate undue

12  prejudice"); <u>see</u> <u>also</u> <u>Lemoge v. United States</u>, --- F. 3d ---, 2009 WL 4546727 (9th Cir.

13  2009) (holding, in context of motion to set aside judgment, "[p]rejudice requires greater

14  harm than simply that relief would delay resolution of the case").  Additionally, although

15  AATI asserts it will be prejudiced by reason of the time and resources it has expended in

16  prosecuting its claims herein, AATI fails to show the work conducted to date will be of no

17  use in either the reexamination proceedings or at such time as the proposed stay may be

18  lifted.

19     With respect to the second factor, the Court finds it probable, based on the

20  statistical evidence provided, that upon reexamination the United States Patent and

21  Trademark Office ("PTO") will take some action that results in canceling or altering one or

22  _____

23  [2]The parties agree that the average time to complete proceedings before the PTO is
no more than two to three years.  According to AATI, however, the length of the stay herein
24  is likely to be longer than that in most other cases because AATI intends to appeal to the
Federal Circuit any adverse decision by the PTO.  In particular, AATI asserts, it intends to
25  raise a defense of "assignor estoppel," which defense it believes the PTO will be "unlikely"
to consider, and, if it is dissatisfied with the PTO's decision on reexamination, it intends to
26  argue to the Federal Circuit that any adverse decision by the PTO is necessarily
"erroneous" by reason of the PTO's not having considered the issue of assignor estoppel.
27  (See Pl.'s Opp., filed November 25, 2009, at 14:7-10.)  Although not expressly articulated,
AATI appears to argue that the Federal Circuit is likely to accept AATI's position and
28  remand the matter to the PTO, thus extending the period of the stay.  AATI's projections,
however, are essentially speculative in nature.

2

more of the claims at issue and, accordingly, a stay would likely narrow and clarify the issues for claim construction and for trial.  See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir.) ("One purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."), cert. denied, 464 U.S. 935 (1983).

Lastly, with respect to the third factor, discovery is in its early stages, and, although trial has been set, it is set for a date more than fifteen months in the future.  Further, no briefing on the merits of claim construction has occurred, and no dispositive motion has been filed, other than a motion to dismiss based on the assertion that AATI had not pleaded the claims in the initial complaint in conformity with Rule 8 of the Federal Rules of Civil Procedure, which motion was resolved a number of months ago.

Accordingly, under the circumstances presented, the Court finds a stay is appropriate.

The Court next considers AATI's argument that if the Court orders a stay, the Court should impose certain conditions in connection therewith.

First, AATI argues, KTI should be required to pay the attorney's fees and costs incurred by AATI to date.  The Court declines to impose such a condition, for the reason AATI has failed to show bad faith or comparable behavior on the part of KTI that would warrant imposition of what is, in effect, an award of monetary sanctions.

Second, AATI argues, the Court should condition the stay by requiring KTI to continue to litigate in this forum two issues, specifically, the issue of whether KTI has engaged in infringing activity in the United States and whether Jan Nilsson, the assignor of the patent at issue, is in privity with KTI.  Requiring the parties to litigate such issues in this venue during the pendency of a reexamination, however, would undermine the policies underlying legislation providing for reexamination, specifically, Congress's intent to provide the parties with a more efficient and less costly alternative to civil litigation:

3

> The bill [creating the reexamination procedure] does not provide for a stay of court proceedings. It is believed by the committee that <u>stay provisions are unnecessary in that such power already resides with the Court</u> to prevent costly pre-trial maneuvering which attempts to <u>circumvent</u> the reexamination procedure. It is anticipated that these measures provide a useful and necessary <u>alternative</u> for challengers and for patent owners to test the validity of the United States patents in an efficient and relatively inexpensive manner.

<u>See</u> <u>Gould</u>, 705 F.2d at 1342 (emphasis in original) (quoting H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S. Code Cong. & Admin. News 1980, pp. 6460, 6463).

Third, AATI, without elaboration,[3] requests that the Court exempt from the stay all outstanding discovery requests, including, assumedly, requests propounded by AATI after the instant motion to stay was filed, and, further, that the Court resolve all disputes that may arise from such outstanding discovery. Such proposed conditions, however, would not serve either the Court's or the parties' interests in minimizing the unnecessary expenditure of resources, given that the scope of the claims in the subject patent may be limited or otherwise revised as a result of the reexamination proceeding, thereby affecting the scope of discovery.

Accordingly, the Court declines to impose the conditions requested by AATI.

**CONCLUSION**

For the reasons stated above, the motion to stay is hereby GRANTED, and the existing pretrial and trial deadlines and dates are hereby VACATED.

No later than one year from the date of this order, and every 365 days thereafter, the parties shall file a joint status report to apprise of the status of the reexamination proceeding.

**IT IS SO ORDERED.**

Dated: December 15, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3]AATI does not address these proposed exemptions in it opposition to the instant motion, but has included them in its proposed order.

4